# In the United States Court of Federal Claims

No. 18-503T

(Filed: October 23, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL WAYNE MASON,

    Plaintiff,

    v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

    Plaintiff pro se Michael Wayne Mason is a resident of the state of California. Plaintiff appears to allege that he is not subject to taxation and therefore is entitled to a tax refund for the years 1965 through 1992. Compl. 6. Plaintiff alleges that in 1861, "Congress and Lincoln created a void tax system on the States and their 'Citizens,'" and contends that the Supreme Court has found that "the income tax as applied to state Citizen is void." Id. at 2 (citing Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895)). Plaintiff also alleges that the Internal Revenue Service ("IRS") evicted Plaintiff and his wife from their home in 1996, that he was laid off by Lockheed Martin in 1992, when its Burbank plant was closed, and that he lost 33 years of pay and vested retirement benefits. Id. at 4. Finally, Plaintiff alleges that the American Medical Association and the Food and Drug Administration "murdered" his wife with chemotherapy. Id. Plaintiff seeks $3,000,000, comprising the return of all taxes paid to the IRS and the California Franchise Tax Board from April 19, 1965 to 1992, the payment of all wages from 1992 until Plaintiff's 70th birthday, the payment of all lost retirement benefits from Lockheed, the replacement of Plaintiff's

---

[1]    This background is derived from Plaintiff's complaint.

7018 0040 0001 1393 0740

home "in a location of [his] choosing," and compensation for the wrongful death of Plaintiff's wife. Id. at 6.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Although this Court has jurisdiction over actions for tax refunds, this Court lacks jurisdiction over Plaintiff's claim. In order to invoke this Court's jurisdiction in a tax refund suit, a plaintiff must have paid all taxes, penalties, and interest in full and have filed a refund claim with the IRS for the amount of tax at issue. 26 U.S.C. § 7422(a) (2012); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Flora v. United States, 357 U.S. 63, 72-73 (1958). Because Plaintiff has provided no evidence that he has paid the taxes he owes and has not filed a request for a refund, this Court lacks jurisdiction over Plaintiff's refund claim.

To the extent that Plaintiff alleges claims for the wrongful death of his wife against the American Medical Association and Food and Drug Administration, this Court lacks jurisdiction to entertain those claims, as the only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). Similarly, to the extent that Plaintiff alleges claims against Lockheed Martin for lost

retirement benefits and the California Franchise Tax Board for paid taxes, the Court also lacks jurisdiction over these claims. Further, this Court does not have jurisdiction over claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Grant v. United States, No. 16-1613C, 2017 WL 945490, at *5 (Fed. Cl. Mar. 9, 2017) (categorizing a wrongful death claim as a tort).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**